IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JOSE LUIS PENA-CEPEDA

VS.                                                          CRIMINAL ACTION NO. 3:04CR164TSL-JSC
              CIVIL ACTION NO.                               3:06cv28TSL-JCS

UNITED STATES OF AMERICA

MEMORANDUM OPINION AND ORDER

This cause is before the court on the motion of defendant Jose Luis Pena-Cepeda to vacate pursuant to § 2255.  The government opposes the motion, and the court, having considered the memoranda and the record in this case, concludes, for the reasons that follow, that the motion is not well taken and is due to be denied.

On October 10, 2004, Pena-Cepeda was indicted on one count of violation of 8 U.S.C. § 1326(a)(2) and (b)(2), illegal re-entry of a deported alien.  After having entered a plea of not guilty before the magistrate judge, on November 30, 2004, Pena-Cepeda, represented by attorney Vann Leonard, pled guilty  pursuant to a written plea agreement.  Significantly, the plea agreement provided that Pena-Cepeda waived the right to challenge his conviction and sentence via a § 2255 motion.  On March 3, 2005, the court sentenced Pena-Cepeda to a forty-six month term of imprisonment and three-year term of supervised release.

On January 18, 2006, Pena-Cepeda filed this § 2255 motion charging that Leonard rendered ineffective assistance of counsel by: (1) allowing him to plead guilty without the benefit of a written plea agreement; (2) failing to object to an illegal 16-point enhancement at

sentencing; and (3) failing to raise the "principles [of] the Booker v. U.S. case." Further, Pena-Cepeda additionally charges that the court sentenced him in excess of the statutory maximum and that the Bureau of Prisons unlawfully discriminates against him and other illegal aliens in administering its programs. In response, the government takes the position that Pena-Cepeda's motion is barred by the express terms of his plea agreement, and that, even if one or more of Pena-Cepeda's claims survives this waiver, the remaining claim or claims are without merit. The government is correct in both respects.

The court first addresses the validity of the Pena-Cepeda's putative waiver of the right to pursue relief pursuant to § 2255. A waiver of a defendant's right to appeal or to seek relief pursuant to § 2255 will be upheld if so long as the waiver is informed and voluntary. United States v. White, 307 F. 3d 366, 343-44 (5th Cir. 2002); see also United States v. Wilkes, 20 F. 3d 651, 654, (5th Cir. 1994) (waiver of right to seek § 2255 relief indistinguishable from right to appeal and may be waived under terms of plea agreement, save certain claims of ineffective assistance of counsel). A valid waiver is effective as to all claims, except those cases wherein a defendant alleges that counsel's ineffectiveness directly affected the validity of the plea. White, 207 F. 3d at 343. Here, having reviewed the record on this issue, the court is persuaded that Pena-Cepeda's waiver was informed and voluntary.

At his change of plea hearing, having been sworn by the court, Pena-Cepeda, affirmed that he had not been coerced or otherwise induced to enter to his plea agreement. He further represented that his counsel had explained the plea agreement to him and that he understood its terms. By the express terms of the Memorandum of Understanding (MOU), executed by Pena-Cepeda, Leonard and Assistant United States Attorney Jack Lacy, Pena-Cepeda

2

stipulated to tot he fact that he had a previous conviction of an aggravated felony.  Pena-Cepeda, by signing the MOU and verbally to the court, acknowledged the maximum term of "imprisonment of twenty years," and he agreed to waive his right to appeal the conviction or sentence or to contest the conviction or sentence pursuant to § 2255.[1]

Clearly, based on the foregoing, Pena-Cepeda's waiver was informed and voluntary and thus, the MOU bars him from asserting the claims presented in his motion, save, perhaps, his somewhat confused claim that Leonard failed to get a written plea agreement, even when he asked for one.  According to Pena-Cepeda, having a written plea agreement was "the only way the Petitioner would agree to plea [sic] guilty and was willing to accept the maximum of 24 months for his violation." Pena-Cepeda contends that when arrived at his sentencing hearing A.U.S.A Lacy was not present, and the AUSA, who was there, would not acknowledge his deal of twenty-four months.

In order to prevail on a claim for ineffective assistance of counsel, a defendant must satisfy the two-prong test set out in Strickland v. Washington, 466 U.S. 668 (1984).  That is, he must demonstrate (1) that counsel's performance was deficient in that it fell below an objective standard of reasonable professional service; and (2) that this deficient performance prejudiced the defense such that there is a reasonable probability that the outcome of the trial has been undermined and the result would have been different.  Strickland, 466 U.S. at 687, 688.  A petitioner's failure to establish both prongs of the Strickland test warrants rejection of his claims.

---

[1] For its part, under the terms of the MOU, the government agreed to move for an additional one-point departure for acceptance of responsibility if the defendant's total offense level reached 16.

Here, the record establishes that Pena-Cepeda did indeed have a written plea agreement with the government.  Moreover, the MOU, signed by Pena-Cepeda, expressly provides that maximum term of imprisonment for the crime for which he was charged is twenty years, not twenty-four months.  Further, at the hearing, the court likewise apprised Pena-Cepeda that the maximum sentence that he could receive was twenty-years of imprisonment and further informed defendant that the court was not bound to accept the AUSA's sentencing recommendation.  Accordingly, Pena-Cepeda has failed to demonstrate that Leonard either failed to obtain a written plea agreement or to correctly advise him as to his exposure under the sentencing guidelines, and thus, has failed to show that Leonard's representation was deficient.  <u>United States. v. Herrera</u>, 412 F.3d 577, 580 (5th Cir. 2005) (internal quotations omitted)("Failing to properly advise the defendant of the maximum sentence that he could receive falls below the objective standard required by <u>Strickland</u>.").  Accordingly, as Pena-Cepeda has failed to demonstrate that Leonard provided ineffective assistance of counsel with regard to his decision to plead guilty, his § 2255 motion is due to be dismissed.

Based on the foregoing, it is ordered that defendant's motion for relief is denied.

SO ORDERED, this the 21st day of November, 2006.

<u>/s/ Tom S. Lee</u>
UNITED STATES DISTRICT JUDGE